## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| TANYA GILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 12 CV 2963 |
| vs. ) | |
| ) | (Removed from the Circuit Court of Cook |
| VILLAGE OF MELROSE PARK, a ) | County, Illinois, County Department, |
| Municipal Corporation; The MELROSE ) | Law Division, Case No. 2012 L 003507) |
| PARK POLICE DEPARTMENT; Melrose ) | |
| Park Police Officer RECINOS (Badge No. ) | Honorable Amy J. St. Eve |
| 47); Melrose Park Police Officer ) | |
| BARTEMIO; Melrose Park Police Officer ) | |
| MIGLIORE; Melrose Park Police Officer ) | |
| GIBSON; Melrose Park Police Officer ) | |
| NATALE; and Other Unknown Melrose ) | **JURY DEMAND** |
| Park Police Officers. ) | |
| ) | |
| Defendants. ) | |

### DEFENDANTS' ANSWER AND AFFIRMATIVE
### DEFENSES TO PLAINTIFF'S COMPLAINT

NOW COME the Defendants, VILLAGE OF MELROSE PARK, OFFICER RECINOS, OFFICER BARTEMIO, OFFICER MIGLIORE, OFFICER GIBSON, and OFFICER NATALE, by and through their attorney, MICHAEL D. BERSANI of HERVAS, CONDON & BERSANI, P.C., and for their Answer and Affirmative Defenses to Plaintiff's Complaint, Defendants state as follows:

### FACTS APPLICABLE TO ALL COUNTS

1. On or about Saturday, April 2, 2011, and at all times herein, the plaintiff, Tanya Gill, was a resident of Cook County, Illinois.

**ANSWER:** Defendants have knowledge or information insufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2. At all times herein, the Village of Melrose Park was a Municipal Corporation located in Cook County, Illinois, and operating within the State of Illinois.

**ANSWER:** Defendants admit the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. Upon information and belief, at all times herein the Melrose Park Police Department was a local law enforcement agency operating pursuant to all applicable state and local laws, and exists as a political subdivision of the Village of Melrose Park.

**ANSWER:** Defendants admit that the Melrose Police Department is a local law enforcement department of the Village of Melrose Park and that the department operates pursuant to applicable statutes and local laws. Defendants deny the remaining allegations contained in Paragraph 3 of Plaintiff's complaint.

4. The defendants, Officer Recinos (Badge No. 47), Officer Bartemio, Officer Migliore, Officer Gibson, Officer Natale, and other unknown Melrose Park Police Officers, were at all times material hereto duly appointed police officers of the Melrose Park Police Department, and were acting in their individual capacities, under color of state law and within the scope of their employment.

**ANSWER:** Defendants admit the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. On Saturday, April 2, 2011, at approximately 11:15 p.m., the Plaintiff, Tanya Gill, arrived with a friend at the iBar, a bar, club, restaurant and/or entertainment venue located at 2010 W. North Avenue in Melrose Park, Illinois. The plaintiff had been invited to the iBar to attend the birthday party of an acquaintance.

**ANSWER:** Defendants have knowledge or information insufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. The plaintiff and her friend entered the iBar, went through the bar's security screening, and proceeded to the bar to each order a drink. When the drinks arrived, the plaintiff stood at the bar next to her friend, who was seated at a stool. Shortly thereafter, two other patrons approached toward the plaintiff, who stepped toward the bar to let them pass.

**ANSWER:** Defendants have knowledge or information insufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. The two patrons, who appeared to be heading toward the bar stool next to the plaintiff's friend, were a woman who appeared obviously intoxicated and her male companion, who was essentially holding her up. The man passed by the plaintiff without incident, but the woman, as she passed, pushed the plaintiff and made a comment about how she was getting back her stool. The plaintiff and her friend commented toward the woman and her companion that the woman's actions were unnecessary, but the plaintiff then turned back toward her friend (that is, with her back then partially toward the intoxicated woman) and continued her conversation with her friend.

**ANSWER:** Defendants have knowledge or information insufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Moments later, without knowledge or warning to the plaintiff, the intoxicated woman punched the plaintiff, making contact with the plaintiff's face. The plaintiff's friend stood up and between the plaintiff and the intoxicated woman, and announced that she was calling the police.

**ANSWER:** Defendants have knowledge or information insufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. The plaintiff's friend then did call the police. The intoxicated woman began to apologize to the plaintiff, who immediately walked away from the scene of her battery and went outside to meet the responding police officers.

**ANSWER:** Defendants have knowledge or information insufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. Several Melrose Park Police Officers arrived outside the bar in response to the plaintiff's friend's call. Eventually the plaintiff's friend, the intoxicated woman, and the woman's companion all went outside the bar.

**ANSWER:** Defendants admit that several Melrose Park Police officers responded to a dispatch about a disturbance at the bar, and further admit that eventually plaintiff's friend, an intoxicated woman, and her male companion exited the bar.

11. From the moment that the plaintiff arrived at the iBar until the plaintiff's first contact with the Melrose Park Police Department, no more than 30 minutes had passed. The plaintiff had not consumed any alcohol that night other than the sip or two of the drink she ordered prior to being battered.

**ANSWER:** Defendants have knowledge or information insufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. The plaintiff then began responding to the several police officer's questions about what had happened. The plaintiff's friend was emotional and agitated about what had happened, and the plaintiff asked her to walk further away while the plaintiff dealt with reporting the incident to the police.

4

**ANSWER:** Defendants admit that one or more of the officers asked plaintiff what had happened and further admit that plaintiff's friend was emotional and agitated. Defendants have knowledge or information insufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. An employee and/or owner of the iBar also came outside, and repeatedly told the police officers that there had been no incident or altercation at the bar. At the same time, the visibly intoxicated woman, the person who had battered the plaintiff moments ago, repeatedly, without any prompting, was saying "I'm sorry...I'm sorry...."

**ANSWER:** Defendants admit that one or more of the police officers spoke to the bar owner and an employee and both stated that they did not see any incident or altercation inside the bar. Defendants admit that the intoxicated woman whom plaintiff accused of the battery repeatedly apologized to her male companion about being drunk.

14. The plaintiff was asked by multiple officers, multiple times, to describe what had occurred between herself and the intoxicated woman. Throughout this time, the officers commented that the bar personnel/owner stated that here had been no incident, that there was no blood or other sign of injury, and other comments indicating an unwillingness to take the plaintiff's complaint against the intoxicated woman (who continued to say "I'm sorry" in the background).

**ANSWER:** Defendants admit that plaintiff was asked by one or more officers to describe what occurred between herself and the intoxicated woman, that the bar owner said that he did not observe an incident, and that there was no blood or other sign of injury. Defendants admit that they did not take a report at that time, but deny the remaining allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. Finally, one of the officers, believed to be defendant Officer Recinos, asked the plaintiff to show him what had happened. The plaintiff then reenacted toward this officer how the intoxicated woman had used her left arm to shove the plaintiff. This reenactment was done

5

without any actual force toward the officer, and as a compliant response to the officer's request. The plaintiff's gestures could not have reasonably been interpreted as any threat toward the officer.

**ANSWER:** Defendants deny the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. As a result, however, Officer Recinos grabbed the plaintiff's wrist, twisted it, put her arm behind her back and shoved her elbow in an upward motion, forcing her over to a vehicle parked in front of the walkway in an attempt to slam her down onto the vehicle.

**ANSWER:** Defendants deny the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. As this was occurring, the plaintiff was asking the officer why he was doing this to her. Another officer told Officer Recinos three times to let the plaintiff go. Eventually, Officer Recinos released his hold.

**ANSWER:** Defendants deny the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18. As a result of the force used by Officer Recinos and the amount of time it was applied, the plaintiff experienced significant pain about her body.

**ANSWER:** Defendants deny the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. None of the responding police officers took the plaintiff's complaint, and they allowed the intoxicated woman who had battered the plaintiff to leave the scene. The plaintiff's friend was able to take down the license plate number of the intoxicated woman's vehicle.

**ANSWER:** Defendants admit that they did not take a report at that time and that the intoxicated woman left the scene. Defendants have knowledge or information insufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. The plaintiff then left the iBar parking lot and proceeded to the Melrose Park Police Department to make another attempt at reporting the battery she suffered inside the iBar.

**ANSWER:** Defendants have knowledge or information insufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. The plaintiff eventually spoke with Melrose Park Police Lt. Michael Sarni, who appeared to have some information about the incident prior to any conversation with the plaintiff. Lt. Sarni took down information from the plaintiff, but stated that he could not take the plaintiff's report at that time, asking the plaintiff to return the following day.

**ANSWER:** Defendants admit the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. When the plaintiff and Lt. Sarni walked back out to the police department lobby, where the plaintiff's friend had been waiting, the plaintiff's friend reported that a Melrose Park Police vehicle had pulled up next to plaintiff's car, and that an officer had been walking around the car shining his flashlight into the interior of the car.

**ANSWER:** Defendants admit that plaintiff and Sarni walked into the lobby and that plaintiff's friend stated that a police officer had shined a spotlight into her car.

23. Lt. Sarni walked with the plaintiff to her car, and confirmed that the car was legally parked and that the car's license and registration were current.

**ANSWER:** Defendants admit that Lt. Sarni walked out to the car and said that he did not see any problem where her car was parked.

24. Lt. Sarni later went to the iBar and reviewed the bar's security video of both the incident inside the iBar and the police actions outside the iBar.

**ANSWER:** Defendants deny the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. Upon information and belief, the video images clearly documented the battery to the plaintiff inside the bar and the police misconduct outside the bar.

**ANSWER:** Defendants deny the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. Upon information and belief, Lt. Sarni took custody of the recording of the security video, and inventoried it as evidence with the Melrose Park Police Department.

**ANSWER:** Defendants admit that Lt. Sarni received the recording of the security video and directed one of the defendants to inventory the video as evidence with the Melrose Park Police Department.

27. On June 15, 2011, the plaintiff's undersigned counsel sent a certified letter to both Sam C. Pitassi, Chief of Police of the Melrose Police Department, and Bartosz Bazan, the registered agent of iBar Holdings LLC and apparent owner of the iBar, and instructed them to preserve both the video recording(s) and any documents or evidence related to this incident. No response has been received to either letter.

**ANSWER:** Defendants admit that plaintiff's counsel sent a certified letter to Chief Pitassi regarding preserving evidence relating to the alleged incident. Defendants have knowledge or information insufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. The evening following this incident, Lt. Sarni called the plaintiff to confirm that she would be returning to the police department to make her report.

**ANSWER:** Defendants admit the allegations contained in Paragraph 28 of Plaintiff's Complaint.

Case: 1:12-cv-02963 Document #: 11 Filed: 05/10/12 Page 9 of 18 PageID #:39

29. Later than [sic] evening, the plaintiff did return to the Melrose Park Police Department, this time with a male friend, and spoke with Lt. Sarni, who confirmed what the security video showed both inside and outside the iBar.

**ANSWER:** Defendants admit that plaintiff and a male companion returned to the police department and spoke with Lt. Sarni. Defendants deny the remaining allegations contained in Paragraph 29 of Plaintiff's Complaint.

30. Then another officer, believed to be defendant Officer Recinos, took down the plaintiff's report. The plaintiff, her male friend, and Lt. Sarni observed that Officer Recinos was rude and aggressive with the plaintiff while taking the report. Upon the plaintiff's inquiry, Officer Recinos refused to identify himself.

**ANSWER:** Defendants admit that Officer Recinos took a report from Plaintiff. Defendants deny the remaining allegations contained in Paragraph 30 of Plaintiff's Complaint.

## COUNT I
### (42 U.S.C. § 1983 Excessive Force - Individual Police Officers)

1-30. Plaintiff incorporates Paragraphs 1 through 30 above as though fully stated herein.

**ANSWER:** The Plaintiff re-alleges paragraphs 1 through 30 as paragraphs 1 through 30 of Count I of Plaintiff's Complaint. Therefore, Defendants re-allege their answers to paragraphs 1 through 30 as paragraphs 1 through 30 of Count I of Plaintiff's Complaint.

31. The defendants, Officer Recinos and/or others, without provocation, used excessive, unnecessary and/or unreasonable force against plaintiff Tanya Gill, in violation of her rights under the United States Constitution.

**ANSWER:** Defendants deny the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32. The conduct of these defendants was intentional, willful, malicious, in reckless disregard of, deliberately indifferent to and/or callously indifferent to the plaintiff's constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution.

**ANSWER:** Defendants deny the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33. The direct and proximate consequence of said acts were that the plaintiff suffered pain, bodily injury and mental suffering as a result of the deprivation of her right to be free from the use of excessive force as secured by the Fourth and Fourteenth Amendments to the United States Constitution.

**ANSWER:** Defendants deny the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34. This action is brought pursuant to 42 U.S.C. § 1983 to redress deprivations of constitutional and civil rights committed under color of State law.

**ANSWER:** Defendants deny the allegations contained in Paragraph 34 of Plaintiff's Complaint.

WHEREFORE, Defendants OFFICER RECINOS, OFFICER BARTEMIO, OFFICER MIGLIORE, OFFICER GIBSON, and OFFICER NATALE deny that the Plaintiff is entitled to any judgment whatsoever against them, and pray this Honorable Court will enter judgment in Defendants' favor and allow for the costs of defending this lawsuit.

## COUNT II
### (42 U.S.C. § 1983 False Arrest - Individual Police Officers)

1-30. Plaintiff incorporates Paragraphs 1 through 30 above as though fully stated herein.

**ANSWER:** The Plaintiff re-alleges paragraphs 1 through 30 as paragraphs 1 through 30 of Count II of Plaintiff's Complaint. Therefore, Defendants re-allege their answers to paragraphs 1 through 30 as paragraphs 1 through 30 of Count II of Plaintiff's Complaint.

35. The defendants, Officer Recinos and/or others falsely, maliciously and without probable cause arrested the plaintiff, Tanya Gill, and restricted her liberty in violation of her rights under the United States Constitution.

**ANSWER:** Defendants deny the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36. By the conduct alleged herein, the plaintiff was deprived of her right to be free from unlawful arrest, seizure or detention in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

**ANSWER:** Defendants deny the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37. Said acts or omissions, as alleged herein, were done by these defendants willfully, recklessly and oppressively without legal justification and for the sole purpose of depriving the plaintiff of her constitutional rights under the law.

**ANSWER:** Defendants deny the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38. As a result of the aforesaid acts of defendants, the plaintiff suffered emotional trauma, anguish, and humiliation.

**ANSWER:** Defendants deny the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39. This action is brought pursuant to 42 U.S.C. § 1983 to redress deprivations of constitutional and civil rights committed under color of State law.

**ANSWER:** Defendants admit that this action is brought pursuant to 42 U.S.C. § 1983 but deny any deprivations of constitutional and civil rights committed under color of State law.

WHEREFORE, Defendants OFFICER RECINOS, OFFICER BARTEMIO, OFFICER MIGLIORE, OFFICER GIBSON, and OFFICER NATALE deny that the Plaintiff is entitled to any judgment whatsoever against them, and pray this Honorable Court will enter judgment in Defendants' favor and allow for the costs of defending this lawsuit.

## COUNT III
### (Common Law Battery - Individual Police Officers)

1-30. Plaintiff incorporates Paragraphs 1 through 30 above as though fully stated herein.

**ANSWER:** The Plaintiff re-alleges paragraphs 1 through 30 as paragraphs 1 through 30 of Count III of Plaintiff's Complaint. Therefore, Defendants re-allege their answers to paragraphs 1 through 30 as paragraphs 1 through 30 of Count III of Plaintiff's Complaint.

40. By said acts or omissions of the the [sic] defendants, as alleged herein, the defendants committed an offensive and unauthorized touching of the the [sic] plaintiff.

**ANSWER:** Defendants deny the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41. As a direct and proximate result of the aforesaid acts by the defendants, the plaintiff suffered physical injury and pain, incurred the expense of medical treatment, lost income and/or earning capacity, and suffered and does suffer a loss of normal life.

**ANSWER:** Defendants deny the allegations contained in Paragraph 41 of Plaintiff's Complaint.

WHEREFORE, Defendants OFFICER RECINOS, OFFICER BARTEMIO, OFFICER MIGLIORE, OFFICER GIBSON, and OFFICER NATALE deny that the Plaintiff is entitled to any judgment whatsoever against them, and pray this Honorable Court will enter judgment in Defendants' favor and allow for the costs of defending this lawsuit.

## COUNT IV
### (Common Law Battery - Respondeat Superior)

1-30. Plaintiff incorporates Paragraphs 1 through 30 above as though fully stated herein.

**ANSWER:** The Plaintiff re-alleges paragraphs 1 through 30 as paragraphs 1 through 30 of Count IV of Plaintiff's Complaint. Therefore, Defendant Village of Melrose Park re-alleges the individual Defendants' answers to paragraphs 1 through 30 as paragraphs 1 through 30 of Count IV of Plaintiff's Complaint.

40-41. Plaintiff incorporates Paragraphs 40 through 41 of Count III above as through fully stated herein.

**ANSWER:** The Plaintiff re-alleges paragraphs 40 through 41 as paragraphs 40 through 41 of Count IV of Plaintiff's Complaint. Therefore, Defendant re-allege the individual Defendants' answers to paragraphs 40 through 41 as paragraphs 40 through 41 of Count IV of Plaintiff's Complaint.

WHEREFORE, Defendant VILLAGE OF MELROSE PARK denies that the Plaintiff is entitled to any judgment whatsoever against it, and prays this Honorable Court will enter judgment in Defendant's favor and allow for the costs of defending this lawsuit.

## COUNT V
### (Common Law False Arrest and Imprisonment - Individual Police Officers)

1-30. Plaintiff incorporates Paragraphs 1 through 30 above as though fully stated herein.

**ANSWER:** The Plaintiff re-alleges paragraphs 1 through 30 as paragraphs 1 through 30 of Count V of Plaintiff's Complaint. Therefore, Defendants re-allege their answers to paragraphs 1 through 30 as paragraphs 1 through 30 of Count V of Plaintiff's Complaint.

42. The defendants, Officer Recinos and/or others, falsely, maliciously and without probable cause arrested the plaintiff, Tanya Gill, and restricted her liberty of movement.

**ANSWER:** Defendants deny the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43.  By the conduct alleged herein, the plaintiff was deprived of her right to be free from unlawful arrest, seizure or detention.

**ANSWER:** Defendants deny the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44.  Said acts or omissions, as alleged herein, were done by these defendants willfully, recklessly and oppressively without legal justification and for the sole purpose of depriving the plaintiff of her rights under the law.

**ANSWER:** Defendants deny the allegations contained in Paragraph 44 of Plaintiff's Complaint.

45.  As a result of the aforesaid acts of defendants, the plaintiff suffered emotional trauma, anguish, and humiliation.

**ANSWER:** Defendants deny the allegations contained in Paragraph 45 of Plaintiff's Complaint.

46.  The plaintiff was not guilty of any crime at the time of her arrest.

**ANSWER:** Defendants deny the allegations contained in Paragraph 46 of Plaintiff's Complaint.

47.  As a direct and proximate result of the aforesaid acts by the defendants, the plaintiff suffered emotional trauma, anguish, and humiliation.

**ANSWER:** Defendants deny the allegations contained in Paragraph 47 of Plaintiff's Complaint.

WHEREFORE, Defendants OFFICER RECINOS, OFFICER BARTEMIO, OFFICER MIGLIORE, OFFICER GIBSON, and OFFICER NATALE deny that the Plaintiff is entitled to any judgment whatsoever against them, and pray this Honorable Court will enter judgment in Defendants' favor and allow for the costs of defending this lawsuit.

## COUNT VI
### (Common Law False Arrest and Imprisonment - Respondeat Superior)

1-30. Plaintiff incorporates Paragraphs 1 through 30 above as though fully stated herein.

**ANSWER:** The Plaintiff re-alleges paragraphs 1 through 30 as paragraphs 1 through 30 of Count VI of Plaintiff's Complaint. Therefore, Defendant Village of Melrose Park re-alleges the individual Defendants' answers to paragraphs 1 through 30 as paragraphs 1 through 30 of Count VI of Plaintiff's Complaint.

42-47. Plaintiff incorporates Paragraphs 42 through 47 of Count V above as through fully stated herein.

**ANSWER:** The Plaintiff re-alleges paragraphs 42 through 47 as paragraphs 42 through 47 of Count VI of Plaintiff's Complaint. Therefore, Defendant Village of Melrose Park re-alleges the individual Defendants' answers to paragraphs 42 through 47 as paragraphs 42 through 47 of Count VI of Plaintiff's Complaint.

WHEREFORE, Defendant VILLAGE OF MELROSE PARK denies that the Plaintiff is entitled to any judgment whatsoever against it, and prays this Honorable Court will enter judgment in Defendant's favor and allow for the costs of defending this lawsuit.

Respectfully submitted,

**s/MICHAEL D. BERSANI**
MICHAEL D. BERSANI, Atty. Bar No. 06200897
ZRINKA RUKAVINA, Atty. Bar No. 06287249
Attorneys for the Defendants
HERVAS, CONDON & BERSANI, P.C.
333 W. Pierce Road, Suite 195
Itasca, IL 60143-3156
Phone: 630-773-4774
Fax: 630-773-4851
mbersani@hcbattorneys.com
zrukavina@hcbattorneys.com

## **FIRST AFFIRMATIVE DEFENSE**

NOW COME the Defendants, OFFICER RECINOS, OFFICER BARTEMIO, OFFICER MIGLIORE, OFFICER GIBSON, and OFFICER NATALE, by and through their attorneys, HERVAS, CONDON & BERSANI, P.C., and for their First Affirmative Defense to Plaintiff's Complaint, state as follows:

Defendants did not violate any clearly established constitutional right of which a reasonable person would have known, thus entitling them to qualified immunity.

WHEREFORE, Defendants deny that the Plaintiff is entitled to any judgment whatsoever against them and pray that this Honorable Court will enter a judgment in their favor and allow for the costs of defending this lawsuit.

Respectfully submitted,

**s/Michael D. Bersani**
MICHAEL D. BERSANI, Atty. Bar No. 06200897
ZRINKA RUKAVINA, Atty. Bar No. 06287249
Attorneys for the Defendants
HERVAS, CONDON & BERSANI, P.C.
333 W. Pierce Road, Suite 195
Itasca, IL 60143-3156
Phone: 630-773-4774
Fax: 630-773-4851
mbersani@hcbattorneys.com
zrukavina@hcbattorneys.com

## **SECOND AFFIRMATIVE DEFENSE**

NOW COME the Defendants, VILLAGE OF MELROSE PARK, OFFICER RECINOS, OFFICER BARTEMIO, OFFICER MIGLIORE, OFFICER GIBSON, and OFFICER NATALE, by and through their attorneys, HERVAS, CONDON & BERSANI, P.C., and for their Second Affirmative Defense to Plaintiff's Complaint, state as follows:

The Defendants enjoy any and all applicable immunities and defenses set forth in the Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 Ill. Comp. Stat. 10/1-101 *et seq.* (West 1993), including, but not limited to, the following:

1. Pursuant to 745 Ill. Comp. Stat. 10/2-109, Defendant Village of Melrose Park is not liable for an injury resulting from an act or omission of its employees where the employees are not liable. Defendants deny that any Village of Melrose Park officer committed any wrongful act or omission which caused injury to Plaintiff.

2. Pursuant to 745 Ill. Comp. Stat. 10/2-202, Defendant Officers are not liable for acts or omissions in the execution or enforcement of any law unless willful and wanton. Defendant Officers assert that they were in the course of enforcing or executing the law and deny that their conduct was willful and wanton.

WHEREFORE, Defendants deny that the Plaintiff is entitled to any judgment whatsoever against them and pray that this Honorable Court will enter a judgment in their favor and allow for the costs of defending this lawsuit.

Respectfully submitted,

**s/Michael D. Bersani**
MICHAEL D. BERSANI, Atty. Bar No. 06200897
ZRINKA RUKAVINA, Atty. Bar No. 06287249
Attorneys for the Defendants
HERVAS, CONDON & BERSANI, P.C.
333 W. Pierce Road, Suite 195
Itasca, IL 60143-3156
Phone: 630-773-4774
Fax: 630-773-4851
mbersani@hcbattorneys.com
zrukavina@hcbattorneys.com

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TANYA GILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 12 CV 2963 |
| vs. | ) | |
| | ) | (Removed from the Circuit Court of Cook |
| VILLAGE OF MELROSE PARK, a | ) | County, Illinois, County Department, |
| Municipal Corporation; The MELROSE | ) | Law Division, Case No. 2012 L 003507) |
| PARK POLICE DEPARTMENT; Melrose | ) | |
| Park Police Officer RECINOS (Badge No. | ) | Honorable Amy J. St. Eve |
| 47); Melrose Park Police Officer | ) | |
| BARTEMIO; Melrose Park Police Officer | ) | |
| MIGLIORE; Melrose Park Police Officer | ) | |
| GIBSON; Melrose Park Police Officer | ) | |
| NATALE; and Other Unknown Melrose | ) | |
| Park Police Officers. | ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 10, 2012, I electronically filed the foregoing **Defendants' Answer and Affirmative Defenses to Plaintiff's Complaint** with the Clerk of the U.S. District Court for the Northern District of Illinois using the CM/ECF system, and I hereby certify I have mailed by United States Postal Service, certified mail, return receipt requested, the documents to the following non CM/ECF system participants listed below.

**TO:**    David M. Huntley, Huntley Law Group, 1001 W. Van Buren Street, Chicago, IL 60607-2900.

          **s/Michael D. Bersani**
          MICHAEL D. BERSANI, Atty. Bar No. 06200897
          ZRINKA RUKAVINA, Atty. Bar No. 06287249
          Attorneys for the Defendants
          HERVAS, CONDON & BERSANI, P.C.
          333 W. Pierce Road, Suite 195
          Itasca, IL 60143-3156
          Phone: 630-773-4774
          Fax: 630-773-4851
          mbersani@hcbattorneys.com
          zrukavina@hcbattorneys.com