UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TANYA GILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 12 CV 2963 |
| v. | ) | |
| | ) | |
| VILLAGE OF MELROSE PARK, et al. | ) | Honorable John J. Tharp, Jr. |
| | ) | Magistrate Judge Sheila M. Finnegan |
| Defendants. | ) | |

**DEFENDANTS' LOCAL RULE 56.1 STATEMENT OF UNCONTESTED MATERIAL FACTS IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

1. At all relevant times, Plaintiff Tanya Gill resided at 300 Escanaba Avenue in Calumet City, Illinois (Pl.'s Dep., p. 16, attached hereto as Ex. A).

2. Defendants Vito Migliore, Mike Recinos, Leonard Bartemio, Adam Gibson, and Dennis Natale, at all relevant times, were employed by the Defendant Village of Melrose Park as police officers (Migliore Aff., ¶ 1, attached hereto as Ex. B; Natale Aff., ¶ 1, attached hereto as Ex. C; Recinos Aff., ¶ 1, attached hereto as Ex. D; Bartemio Aff., ¶ 1, attached hereto as Ex. E; and Gibson Aff., ¶ 1, attached hereto as Ex. F).

3. On Saturday April 2, 2011, at approximately 11:29 p.m., Plaintiff and her friend, Tonya Frizell, went to the I-Bar, located in Melrose Park (Ex. A, Pl.'s Dep., pp. 31-32; Frizell Dep., pp. 25-26, 127, attached hereto as Ex. G).

4. Earlier in the night, Plaintiff had attended a Bulls game where she drank two glasses of red wine (Ex. A, Pl.'s Dep., p. 31).

5. Plaintiff and Frizell had to park across the street from the I-Bar because the bar parking lot was full (Ex. G, Frizell Dep., pp. 25-26).

6. There were male and female security guards outside the bar, and Plaintiff and Frizell were searched before going in (Ex. G, Frizell Dep., p. 26).

7. Once inside the bar, Plaintiff and Frizell each ordered alcoholic drinks (Ex. A, Pl.'s Dep., pp. 36-37; Ex. G, Frizell Dep., pp. 34-35).

8. Plaintiff's friend, Kevin Dixon, was in the bar promoting a birthday party (Dixon Dep., pp. 18-21, attached hereto as Ex. H).

9. Within a few minutes of arriving, Frizell called 911 and reported that Plaintiff had been struck in the face by someone at the bar (Ex. A, Pl.'s Dep., p. 43; Ex. G, Frizell Dep., pp. 35, 47-48).

10. Officers Migliore, Recinos, Bartemio, Gibson and Natale responded to a dispatched report of a potential battery at the bar (Ex. B, Migliore Aff., ¶ 3; Ex. C, Natale Aff., ¶ 3; Ex. D, Recinos Aff., ¶ 3; Ex. E, Bartemio Aff., ¶ 3; Ex. F, Gibson Aff., ¶ 3).

11. The officers entered the bar and several interviewed witnesses (Ex. B, Migliore Aff., ¶ 4; Ex. C, Natale Aff., ¶¶ 4-5; Ex. D, Recinos Aff., ¶¶ 4-7; Ex. E, Bartemio Aff., ¶ 4; Ex. F, Gibson Aff., ¶¶ 4-5; Security Video, CH_05 and CH_06, 23:45:30 - 23:45:50, attached hereto as Ex. I).

12. There are two security cameras Defendants are providing that depict this incident; one providing video of the I-Bar foyer, identified as CH_05, and the second providing video of the I-Bar walkway identified as CH_06 (Ex. I, Security Video, CH_05 and CH_06).

13. Officer Migliore exited the bar and waited to speak with Plaintiff outside (Ex. B, Migliore Aff., ¶ 4; Ex. I, Security Video, CH_05 and CH_06, 23:45:58-23:46:10).

14. Plaintiff, Frizell, and Dixon exited the bar (Ex. A, Pl.'s Dep., pp. 49-53; Ex. G, Frizell Dep., p. 54; Ex. H, Dixon Dep., p. 87, Ex. I, Security Video CH_05 and CH_06, 23:46:12 - 23:46:22).

15. Bar security personnel were taking people outside (Ex. H, Dixon Dep., p. 28).

16. There were also patrons outside waiting to enter the bar (Ex. H, Dixon Dep., p. 37).

17. There was a lot of commotion outside the bar (Ex. A, Pl.'s Dep., pp. 57, 63, 80).

18. There were a lot of people outside and they were all talking (Ex. A, Pl.'s Dep., pp. 50-53, 139-147; Ex. G, Frizell Dep., p. 60; Ex. I, Security Video CH_05, 23:46:58 - 23:50:00).

19. Frizell was very emotional and agitated and loud toward the police (Ex. A, Pl.'s Dep., pp. 57-60, 63; Ex. G, Frizell Dep., pp. 55-56).

20. The offender and a companion were also outside the bar (Ex. A, Pl.'s Dep., pp. 58-59,146; Ex. I, Security Video CH_05, 23:47:05).

21. Plaintiff spoke with Officer Migliore on the walkway at the end of the building (Ex. A, Pl.'s Dep., pp. 55-56, 145; Ex. I, Security Video CH_05, 23:46:40).

22. People were interrupting and trying to say different things, including Frizell (Ex. H, Dixon Dep., pp. 42-43).

23. It was very noisy outside, even 20 to 40 feet from the front door, both from music coming from inside the bar and the traffic on North Avenue (Ex. H, Dixon Dep., pp. 73, 76).

24. The owner of the bar and several security employees were also speaking with the police officers on the walkway outside the bar (Ex. A, Pl.'s Dep., p. 79; Ex. H, Dixon Dep., p. 45;

Ex. B, Migliore Aff., ¶ 6; Ex. C, Natale Aff., ¶¶ 4-5; Ex. D, Recinos Aff., ¶ 6; Ex. F, Gibson Aff., ¶¶ 4-5; Ex. I, Security Video CH_05, 23:47:00-23:49:00).

25. The bar owner and security staff told the police officers that nothing happened inside the bar and nobody saw Plaintiff get hit (Ex. A, Pl.'s Dep., pp. 79-80, 164-165, 173; Ex. H, Dixon Dep., p. 78; Ex. B, Migliore Aff., ¶ 6; Ex. C, Natale Aff., ¶¶ 4-5; Ex. D, Recinos Aff., ¶ 6; Ex. F, Gibson Aff., ¶¶ 4-5).

26. All of this was happening while Officer Migliore was trying to ask Plaintiff questions (Ex. A, Pl.'s Dep., p. 82; Ex. B, Migliore Aff., ¶¶ 5-7; Ex. D, Recinos Aff., ¶¶ 7-8; Ex. I, Security Video CH_05, 23:47:00-23:50:00).

27. Plaintiff's forearm made contact with Officer Migliore's chest (Ex. A, Pl.'s Dep., pp. 65-66, 174; Ex. B, Migliore Aff., ¶ 8).

28. Plaintiff did not take Officer Migliore's questioning to mean that she should show him on his person how she had been pushed by the woman inside the bar (Ex. A, Pl.'s Dep., p. 64).

29. Officer Migliore is 5'6" tall and weighed 160 pounds (Ex. A, Pl.'s Dep., pp. 42, 55; Ex. B, Migliore Aff., ¶ 11).

30. Plaintiff is 6'0" tall and wore 3-inch high heels (Ex. A, Pl.'s Dep., pp. 42, 55; Ex. B, Migliore Aff., ¶ 10).

31. Officer Migliore immediately grabbed Plaintiff's left wrist and elbow, placed her arm behind her back and walked her about 6-7 feet to a nearby (red) vehicle (Ex. A, Pl.'s Dep., pp. 65-69, 74, 149-151; Ex. H, Dixon Dep., p. 45; Ex. I, Security Video CH_05, 23:50:08-23:50:35; Ex. B, Migliore Aff., ¶¶ 13-14).

32. Officer Migliore held Plaintiff's left arm in what is called an "arm control escort position" whereby he placed his left hand on Plaintiff's left wrist, placed her left arm behind her back and placed his right hand on her left elbow and rotated the arm slightly upward (Ex. A, Pl.'s Dep., pp. 65-69, 74; Ex. I, Security Video CH_05, 23:50:08- 23:50:35; Ex. B, Migliore Aff., ¶ 13).

33. Officer Migliore held Plaintiff in this position for approximately 25-30 seconds and then released her (Ex. A, Pl.'s Dep., pp. 73, 149-152; Ex. I, Security Video CH_05, 23:50:08-23:50:35; Ex. B, Migliore Aff., ¶ 14).

34. Plaintiff was not handcuffed, arrested or taken into custody (Ex. A, Pl.'s Dep., p. 82).

35. Plaintiff left the scene (Ex. A, Pl.'s Dep., pp. 77, 151-152).

36. At no time did Plaintiff inform Officer Migliore that he was hurting her or that she was in pain or injured in any way (Ex. A, Pl.'s Dep., p. 83).

37. At no time did Officer Migliore punch or kick Plaintiff (Ex. A, Pl.'s Dep., p. 74).

38. No other officer made any physical contact with Plaintiff (Ex. A, Pl.'s Dep., p. 158; Ex. C, Natale Aff., ¶ 7; Ex. D, Recinos Aff., ¶ 11; Ex. E, Bartemio Aff., ¶ 6; Ex. F, Gibson Aff., ¶ 8).

39. Officers Recinos, Bartemio, Gibson and Natale were involved in other facets of the investigation, such as interviewing witnesses and advising people to either go inside the bar or leave the premises (Ex. C, Natale Aff., ¶¶ 4-6; Ex. D, Recinos Aff., ¶¶ 6-7, 10; Ex. E, Bartemio Aff., ¶ 5; Ex. F, Gibson Aff., ¶¶ 4-6).

Respectfully submitted,

s/Michael D. Bersani
MICHAEL D. BERSANI, Atty Bar No. 06200897
ANTHONY BECKNEK, Atty Bar No. 06305451
Attorneys for Defendants
HERVAS, CONDON & BERSANI, P.C.
333 W. Pierce Road, Suite 195
Itasca, IL 60143-3156
P: 630-773-4774    F: 630-773-4851
mbersani@hcbattorneys.com
abecknek@hcbattorneys.com

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TANYA GILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 12 CV 2963 |
| v. ) | |
| ) | |
| VILLAGE OF MELROSE PARK, et al. ) | Honorable John J. Tharp, Jr. |
| ) | Magistrate Judge Sheila M. Finnegan |
| Defendants. ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2013, I electronically filed the foregoing **Defendants' Local Rule 56.1 Statement of Uncontested Material Facts in Support of Their Motion for Summary Judgment** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

**TO:** David M. Hundley, Hundley Law Group, 1001 W. Van Buren Street, Chicago, IL 60607-2900.

 

                                                       **s/Michael D. Bersani**
                                                       MICHAEL D. BERSANI, Atty Bar No. 06200897
                                                       ANTHONY BECKNEK, Atty Bar No. 06305451
                                                       Attorneys for Defendants
                                                       HERVAS, CONDON & BERSANI, P.C.
                                                       333 W. Pierce Road, Suite 195
                                                       Itasca, IL 60143-3156
                                                       P: 630-773-4774     F: 630-773-4851
                                                       mbersani@hcbattorneys.com
                                                       abecknek@hcbattorneys.com